

FILED & JUDGMENT ENTERED
Steven T. Salata

June 4 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

In re:                              )
                                    )
**CHRIS D. DOCKINS**                )
**HOLLY R. CORBELL-DOCKINS,**       )   Chapter 7
                                    )   Case No. 20-10119
                Debtors.            )
_____)

**ORDER DENYING TRUSTEE'S MOTION FOR TURNOVER**

**THIS MATTER** is before the court on the Chapter 7 Trustee's November 23, 2020, Motion for Turnover ("Motion") of a fund of money. The Motion involves the novel issue of whether the female Debtor or her creditors is entitled to the proceeds of a 401(k) account inherited just before the commencement of the bankruptcy case. The Trustee asserts that the female Debtor cannot claim this fund as exempt from the claims of her creditors. The court concludes, however, that the fund is not property of the bankruptcy estate and the female Debtor does not need an exemption to keep it. Consequently, for the reasons set forth below, the Trustee's Motion for Turnover is denied.

**Background and Procedural History**

The Debtors filed a Chapter 7 bankruptcy petition on April 2, 2020. Prior to the filing of the bankruptcy, Kirk Morishita ("Decedent") died on February 5, 2020, while employed at Wells Fargo. The Decedent and the female Debtor had been involved in a relationship several years prior in Idaho. The relationship did not last, and the female Debtor subsequently married the male Debtor and relocated to Asheville.

The Decedent owned a 401(k) account with Wells Fargo at the time of his death, and the female Debtor was the designated beneficiary of record. Wells Fargo Survivor Services notified the female Debtor by phone in the second week of March 2020 that the Decedent had passed away and that she was the designated beneficiary. The Survivor Services representative informed the female Debtor that Wells Fargo needed some personal information, including the Decedent's death certificate, in order to have the Decedent's 401(k) account rolled over to her. The female Debtor provided a scanned copy of the death certificate on May 15, 2020, with the assistance of a friend.

The female Debtor participated in the § 341 meeting of creditors[1] on May 21, 2020. At the meeting, the attorney for the Debtors informed the Trustee of the inherited 401(k). At that time, neither the female Debtor nor the attorney for the Debtors

---

[1] Due to COVID-19, the § 341 meeting was held telephonically.

knew the balance of the 401(k) account. The female Debtor subsequently received a letter dated May 21, 2020, from Wells Fargo informing her of the information previously provided in the March phone call, including that a 401(k) account would be set up in her name within two weeks of her providing a death certificate to Wells Fargo. The letter further noted that the account balance would continue to be invested in the same manner as designated by the Decedent. On May 29, 2020, Wells Fargo sent a letter that explained how to access the beneficiary account set up in the female Debtor's name. The female Debtor received an account statement in July 2020 from Wells Fargo for the second quarter showing a 401(k) account in her name beginning on April 1, 2020, with an account balance of $35,411.47. A letter dated November 30, 2020, informed the female Debtor that she is required to take a full distribution of the account balance by December 31 of the year of the fifth anniversary of the Decedent's death.

After the § 341 meeting of creditors, the attorney for the Debtors provided the Chapter 7 Trustee with the Wells Fargo statement indicating that the inherited 401(k) funds have been placed into a 401(k) account in the name of the female Debtor. The Debtors have not amended their Schedule B to reflect the existence of the inherited 401(k) account. The attorney for the Debtors takes the position that an amendment is not necessary

since the inherited 401(k) account is not property of the estate.  The Trustee asserts that the account is property of the estate and, in an effort to resolve the dispute, filed the Motion on November 23, 2020, seeking an order requiring turnover of the proceeds of the inherited 401(k).

A hearing on the Motion was held on December 15, 2020, and, after hearing arguments, the court decided to take the matter under advisement.  The court subsequently determined that it needed more information from the parties.  The Trustee filed a notice of hearing on March 5, 2021, that required the parties to submit supplemental briefs by April 1, 2021, and set a hearing on the Motion on April 6, 2021.  On March 9, 2021, the Trustee filed a stipulation with the attorney for the Debtors of the facts and timeline of the case.  Both parties filed supplemental briefs on March 31, 2021.  The Trustee and the Debtors' counsel appeared at the hearing.[2]  The Trustee argues that the inherited 401(k) is non-exempt property of the estate, while the Female Debtor takes the position that the inherited 401(k) is excluded from the bankruptcy estate, and thus, no exemption analysis is required.  Their arguments are addressed in turn below.

### Trustee's Argument

In arguing that the inherited 401(k) is not property of the estate, the Trustee first notes that the inherited 401(k) does

---

[2] Due to COVID 19, the court held the hearing telephonically.

4

not fall into any of the categories under 11 U.S.C. § 541(b), which defines property that is not included in a bankruptcy. The Trustee then argues that the inherited 401(k) is not exempt property under any applicable exemption statute, citing <u>Clark v. Rameker</u>, 573 U.S. 122 (2014), as the controlling authority. The Supreme Court held in <u>Clark</u> that inherited Individual Retirement Accounts ("IRAs") could not be exempt from the bankruptcy estate under 11 U.S.C. § 522(b)(3)(C). <u>See</u> <u>Clark</u>, 573 U.S., at 124. In <u>Clark</u>, a debtor wife owned, as of her petition date, an IRA that she inherited from her mother worth $300,000, which she claimed as exempt pursuant to § 522(b)(3)(C).[3] <u>Id.</u> at 125–26. The decision of the Supreme Court turned on whether the funds contained in the inherited IRA qualified as "retirement funds" within the meaning of § 522 and whether the account was one "set aside for the day an individual stops working." <u>Id.</u> at 127. In determining that the inherited IRA did not qualify as "retirement funds," the Supreme Court looked at three legal characteristics of the inherited IRA: 1) the holder of the funds can never invest additional funds; 2) the holder must withdraw the funds within a certain amount of time; and 3) the holder can withdraw the full balance of the account at any time without

---

[3] Under § 522, debtors may elect to claim exemptions under either federal law or state law. Both tracks permit debtors to exempt retirement funds. <u>See</u> § 522(b)(3)(C) (retirement funds exemption for debtors proceeding under state law); § 522(d)(12) (identical exemption for debtors proceeding under federal law). In <u>Clark</u>, the Debtors elected to proceed under state law, but the analysis is the same for either provision.

penalty. Id. at 128.

According to the Trustee, the 401(k) account the female Debtor inherited has the same legal characteristics as an inherited IRA. The female Debtor is not an employee of Wells Fargo and cannot invest new funds into the 401(k) account, the female Debtor must withdraw all the funds within 10 years pursuant to the Setting Every Community Up for Retirement Enhancement ("SECURE") Act, and there is no penalty if the Female Debtor fully withdraws the funds from her account. The Trustee argues that given these similarities, the inherited 401(k) account does not qualify as retirement funds set aside for the day the female Debtor stops working and, as a result, the female Debtor cannot exempt the funds from the bankruptcy estate. Moreover, the Trustee notes that there is no exemption statute under North Carolina law that exempts the 401(k) account from the bankruptcy estate. North Carolina General Statute § 1C-1601(a)(9) refers only to IRAs under § 408 of the Internal Revenue Code and not to employer plans established under § 401. Thus, there is no applicable exemption statute available to exempt the 401(k) account funds.

Furthermore, the Trustee contends that the cases cited by the Debtors in their response are not applicable to this case given that the asset at issue in all the cases cited by the Debtors is a standard 401(k) account instead of an inherited

6

401(k) account. In addition, the Trustee notes that the opinions cited by the Debtors lead to a problematic result in this case, whereas the opinion in Clark gives due consideration to the goals of the Bankruptcy Code and the Employment Retirement Income Security Act ("ERISA"). The Trustee argues that under the result urged by the Debtors, the only factor in determining whether the inherited 401(k) is property of the estate would be when the female Debtor actually took the funds out of the account, which allows the administrative actions of Wells Fargo and the female Debtor to control the result. If this is the controlling rule, then the female Debtor could use the entire account balance to purchase an item that is not essential to basic needs, which in the Trustee's view, would be a windfall to the female Debtor. The Trustee argues that this windfall would convert the purpose of ensuring that debtors have a "fresh start" following bankruptcy into a "free pass" for the debtor to use the funds for non-essential purchases, contrary to the goals of both ERISA and the Bankruptcy Code. Thus, for all of the reasons stated above, the Trustee concludes that the inherited 401(k) is not property excluded from the estate and cannot be exempted by the female Debtor.

### Debtors' Argument

In response to the Trustee's Motion, the Debtors argue that the inherited 401(k) is not property of the estate under 11

U.S.C. § 541(c)(2). The Debtors note that under 11 U.S.C. § 541(c)(2) "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." The Supreme Court has held that the phrase "applicable nonbankruptcy law" includes ERISA-qualified plans. Patterson v. Shumate, 504 U.S. 753, 759 (1992). Therefore, 401(k) plans, which include an antialienation provision required for tax qualifications under ERISA, are excluded from property of the estate under § 541(c)(2). See Id. According to the Debtors, the antialienation provision in an inherited 401(k) is sufficient for it to qualify under ERISA.

The Debtors assert that since the inherited 401(k) plan is an ERISA-qualified plan, the proper inquiry is whether the transfer restrictions existed as of the petition date. The Debtors cite two representative cases. In Hart, a debtor left his job in September 2003 and gained unrestricted access to his 401(k), but actual distribution of the funds did not occur until after the commencement of the debtors' joint bankruptcy case on December 22, 2003. See In re Hart, No. 03-26814, slip op. at 2-3 (Bankr. N.D. Ohio June 15, 2004). The court in Hart held that the restrictions of the antialienation provision remain so long as the funds are within the fiduciary responsibility of the plan administrator. Id. at 5 (citing In re Parks, 255 B.R. 768, 771

8

(Bankr. D. Utah 2000).  As a result, the court ruled that the 401(k) account was not property of the estate since the restrictions on transfer still existed when the debtors filed their bankruptcy petition on December 22, 2003.  Id. at 7.  The court in McDonald reached a similar conclusion by looking at whether the 401(k) funds were removed from the control of the administrator and no longer subject to the plan documents as of the petition date.  In re McDonald, No. 03-12019C, 2003 WL 23211570, at *2 (Bankr. M.D.N.C. Sept. 27, 2003).

The Debtors maintain that the Trustee's reliance on the Clark case and the application of the exemption provisions of § 522 disregards the threshold question of whether the asset is property of the estate under § 541(c)(2).  The Debtors argue that since the inherited 401(k) is not property of the estate, the court does not need to consider whether the asset is exempt under § 522.

### Analysis

The issue before the court is whether a 401(k) account inherited from a non-spouse prior to filing bankruptcy under Chapter 7 is property of the estate pursuant to 11 U.S.C. § 541.  The issue is a matter of first impression for this court.  In this case, the female Debtor inherited a 401(k) account and not an IRA, and, as a result, § 541(c)(2) and Patterson are the controlling authorities, not § 522 and Clark.  Section

9

408(d)(3)(C)(ii) of Title 26 governs inherited IRAs and they are not qualified plans under ERISA.  See Patterson, 504 U.S. at 762-63 (citing 29 U.S.C. § 1051(6)).  In contrast, a 401(k) plan is a qualified plan under ERISA and qualifies for tax benefits and protection that an IRA does not.  See 29 U.S.C. § 1056(d)(1); 26 U.S.C. § 401(a).  Pursuant to ERISA, 29 U.S.C. § 1056(d)(1) provides that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated."  Moreover, under the coordinate section of the Internal Revenue Code, 26 U.S.C. § 401(a)(13), "[a] trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated."  The Supreme Court in Patterson held that these transfer restrictions for 401(k) plans are "applicable nonbankruptcy law" under § 541(c)(2) of the Bankruptcy Code.  504 U.S. at 759.  The transfer restrictions are "enforceable" under § 541(c)(2) given that "[p]lan trustees or fiduciaries are required under ERISA to discharge their duties in accordance with the documents and instruments governing the plan."  Id. at 760 (citing 29 U.S.C. § 1104(a)(1)(D)).  Therefore, 401(k) plans contain enforceable transfer restrictions for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate.  Id.

A 401(k) inherited from a non-spouse does share some of the

same legal characteristics as an IRA inherited from a non-spouse, including that the holder of an inherited 401(k) may not invest additional funds, the holder must withdraw the funds within a certain amount of time, and the holder may withdraw the entire amount of the 401(k) without penalty. However, a review of the relevant legal authorities, including the statutory language of the Bankruptcy Code, the reasoning in Patterson, and the relevant case law, all support analyzing the inherited 401(k) under § 541(c)(2) as in Patterson and not under an exemption analysis under § 522(b)(3)(C) as in Clark.

First, the statutory language of § 541(c)(2) and § 522(b)(3)(C), as well as the Supreme Court's analyses of the two clauses, are different. The Supreme Court in Clark focused on the meaning of "retirement funds" under § 522(b)(3)(C) and whether or not the funds were "set aside for the day an individual stops working." Clark, 573 U.S. at 127. On the other hand, § 541(c)(2) makes no mention of the term "retirement funds." The pertinent language of the statute is whether or not there is a transfer restriction "enforceable under applicable nonbankruptcy law." See § 541(c)(2). As already noted, all 401(k) plans contain such transfer restrictions, and transfer by inheritance does not remove the restriction. The account in this case is no different. The female Debtor's Wells Fargo & Company 401(k) Plan ("Plan") includes a section labeled

"Assignment of 401(k) Plan account prohibited." This section of the Plan specifically states that "your 401(k) Plan account cannot be reached by creditors either by garnishment or any other process. Also, you may not pledge or assign your 401(k) Plan account to anyone else." Thus, the Plan contains a transfer restriction enforceable under nonbankruptcy law.

Second, the reasoning in Patterson supports giving the antialienation provision in a 401(k) plan a great deal of protection. Patterson, 504 U.S. at 764 (noting that the Court has never recognized any exceptions to ERISA's antialienation provision outside the bankruptcy context) (citing Guidry v. Sheet Metal Workers Nat. Pension Fund, 493 U.S. 365 (1990)). Patterson cites to Guidry, which states that ERISA's prohibition on assignment of pension benefits reflects a policy choice by Congress to protect assets for pensioners and their dependents. See Guidry, 493 U.S. at 376. The Supreme Court in Patterson even acknowledges that ERISA-qualified plans receive greater protection than IRAs in bankruptcy. See Patterson, 504 U.S. at 762-63 (noting that IRAs are not included in ERISA's antialienation provision). The Supreme Court further reasoned that giving 401(k) plans stronger protection is consistent with the goals of Congress expressed through ERISA. Patterson, 504 U.S. at 764-65 (citing 29 U.S.C. § 1001(b)). The purpose and policy of ERISA is to protect the "interests of participants in

employee benefit plans *and their beneficiaries . . .* by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans." See 29 U.S.C. § 1001(b) (emphasis added).

Finally, a review of the relevant case law indicates that the legal characteristics of an inherited 401(k), including that the account holder must withdraw all funds within a certain amount of time and that the holder may withdraw all funds without penalty, do not affect the analysis under § 541 and Patterson. In Parks, the debtor lost her job eleven days before she and her husband filed for bankruptcy under Chapter 7. In re Parks, 255 B.R. 768, 769 (Bankr. D. Utah 2000). Under the terms of her 401(k) plan, the debtor had the right to access the funds in the account; however, on the date of the Chapter 7 filing, the funds remained with the plan administrator. Id. One month after the case was filed, the plan administrator transferred the plan funds to the debtor's IRA. Id. The court held that the benefits were protected by the antialienation provision of ERISA so long as they remained within the fiduciary responsibility of the plan administrator and the protection extended until the funds were paid to the plan participant or beneficiary. Id. at 771.

The court in Hart reached a similar conclusion. The debtor left his employment on or about September 1, 2003, and his

13

401(k) remained in trust when he filed Chapter 7 on December 22, 2003. Hart, slip op. at 2. The court held that the antialienation protection did not cease when the debtor left his job and remained in place on his petition date. Id. at 7. Like Parks, Hart reasons that 401(k) funds do not lose their ERISA protection as long as they are in the hands of the plan administrator, regardless of whether the debtor can withdraw the funds without penalty. Id. In summary, the legal characteristics of inherited IRAs relevant to the Supreme Court's analysis in Clark are not relevant to the analysis of 401(k)'s, and instead, the case law supports analyzing an inherited 401(k) pursuant to § 541(b) and Patterson. As a result, the issue as to whether a 401(k) inherited from a friend is property of the estate is a question of timing. See Id.; see also Parks, 255 B.R. at 771. ERISA only protects benefits as long as they are in the hands of the plan administrator and funds withdrawn by the beneficiary prior to filing Chapter 7 would be property of the estate. Id.

Here, the female Debtor inherited the 401(k) from her friend prior to filing Chapter 7 on April 2, 2020. The Decedent died on February 5, 2020, and the plan administrator, Wells Fargo, set up an account in the female Debtor's name on April 1, 2020. Similar to Hart and Parks, the 401(k) funds remained in the hands of the plan administrator at the time the Chapter 7

14

bankruptcy commenced. Therefore, the 401(k) funds are not property of the estate under § 541(c)(2).

The Trustee urges the court to avoid this result and use an analysis different from the Hart case and Parks case. As previously noted, the goal of ERISA was to strongly protect the interests of plan participants and *their beneficiaries*. See 29 U.S.C. § 1001(b). The result in this case is in line with this goal. In addition, the Supreme Court considered whether it was appropriate to approve an equitable exception to ERISA's prohibition on the transfer of pension benefits for employee malfeasance or for criminal misconduct. See Guidry v. Sheet, 493 U.S. 365, 374-77 (1990). The court held that such an exception must be made by Congress, even though "there may be a natural distaste for the result" in a case under current law. Id. at 377. The Parks court concluded that in light of the holding in Guidry, it was "extremely unlikely that any exception would be found to deprive a debtor of pension benefits so that the funds may be used to pay creditors." Parks, 255 B.R. at 772. In the present case, similar to Parks, there is no equitable reason sufficient to find an exception to past courts' interpretations of ERISA's prohibition on the alienation of funds in qualified plans. In conclusion, given that the transfer restrictions on the inherited 401(k) account existed at the time the female Debtor filed for bankruptcy under Chapter 7,

the inherited 401(k) funds are not property of the estate under § 541(c)(2). Accordingly, the court hereby **DENIES THE TRUSTEE'S MOTION FOR TURNOVER.**

    **SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |